IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RHONDA BLAIR, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **3:07-CV-69 (CDL)** |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein filed an application for Supplemental Security Income benefits on April 23, 2003. The Social Security Administration denied the claim initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on April 14, 2006, by video conference. A supplemental hearing was held on September 11, 2006. The ALJ then entered an order denying plaintiff's claim on November 24, 2006. Plaintiff sought review of that decision before the Social Security Appeals Council. On May 11, 2007, the Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703

F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis,

further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairment of chronic headaches and bronchitis, but that she retained the residual functional capacity to perform a significant range of medium work, including her past relevant work as a hand packager, cashier, housekeeper, and fast food worker.

Plaintiff alleges that it was the failure of the ALJ to accept her subjective testimony regarding the severity of her migraine headaches that was the main error in this case (Pl.'s Br. at 6-8). Plaintiff contends that the ALJ was required to accept the opinion of Dr. Schacher, a one-time consulting examiner, and that Dr. Schacher's opinion mandates a finding of disability (Pl.'s Br. at 6-8).

Plaintiff received regular health care treatment from Athens Neighborhood Health Center, with visits from 1995 through 2004. (Tr.157–167). Plaintiff was seen in the emergency department of St. Mary's Hospital on July 17, 2003, and on August 13, 2003, because of back pain. (Tr.127). She was followed as an outpatient for the back pain on July 22, 2003. Records indicate she had also been seen on November 15, 2002, and had been hospitalized previously in April of 1999. (Tr. 127).

Plaintiff was also seen at Athens Regional Medical Center on September 4, 2004, for complaints of head and back pain, nausea, vomiting and stomach pain, with past medical history recorded of migraines, bronchitis, bulging discs. (Tr. 208-10, 213). Medical records from Athens

3

Regional Medical Center report a history of migraine headaches. (Tr. 194-198). She was seen on January 22, 2006, with reports of pain from a knot or cyst on the face and pain from migraine headaches. (Tr. 192-198).

At her administrative hearing, plaintiff testified that she has had headaches for several years. She stated that during a migraine headache she sees dots before her eyes, and cannot stand light or sounds. She has to lie down and get away from all sound and light. (Tr. 256). She testified she has migraine headaches two to three times a week, and they are incapacitating. (Tr. 254). She further testified regarding her back pain that she cannot sit or stand more than one hour without pain. (Tr. 254).

A physical residual functional capacity assessment conducted on May 29, 2003, found plaintiff to have conditions of bronchitis and chronic back pain. The report indicated exertional limitations in the medium range, but with limitations of range of motion and postural limitations in all areas except climbing stairs and balancing. (Tr. 141-143). Environmental limitations were reported to fumes and odors. (Tr. 145).

Dr. Whiteman performed a consultative examination in July 2003 (Tr. 115). Plaintiff reported she had lived with bronchitis since childhood (Tr. 116). Dr. Whiteman noted mild shortness of breath, a finding confirmed by subsequent testing (Tr. 116, 122, 150). Plaintiff continued to smoke despite her bronchitis (Tr. 249). Plaintiff demonstrated full range of motion in her neck and showed mild to moderate discomfort in her back when demonstrating range of motion (Tr. 116). Dr. Whiteman noted that plaintiff had full range of motion of her joints with no edema, pain, swelling, redness, or bony abnormalities (Tr. 116). She demonstrated normal strength in her extremities and her gait was fine (Tr. 116). Dr. Whiteman diagnosed a possible

4

musculoskeletal strain/sprain, pending the objective findings from an MRI and noted history of bronchitis with continued smoking (Tr. 117).

An MRI from July 22, 2003 showed normal lumbar and spine with no significant abnormality (Tr. 132, 134, 136, 137). The MRI showed no compression fractures, no destructive lesions, no disc bulging, and no herniation (Tr. 132, 134, 136, 137).

The ALJ offered to send plaintiff for a neurological work up regarding her migraines, but the offer was declined by plaintiff's attorney because of possible transportation problems (Tr. 259-260). Instead, plaintiff's attorney suggested plaintiff be examined by an industrial medicine physician, Stephen A. Schacher (Tr. 259).

After the hearing, plaintiff was examined by Dr. Schacher on August 30, 2006 (Tr. 216-219). Plaintiff alleged her headaches and back pain prevented her from working (Tr. 216). Dr. Schacher noted that although plaintiff complained of alleged migraine headaches, she had never seen a neurologist or taken Imitrex for her symptoms (Tr. 216). Plaintiff reported she could perform activities of daily living without assistance, but stated she stayed in bed if she had a headache (Tr. 217). Plaintiff demonstrated normal range of motion and normal neurological function (Tr. 218). Dr. Schacher noted that MRI and x-rays from 2003 and 2005 showed normal lumbar spine (Tr. 219-222). Dr. Schacher noted that presumably effective treatment existed for plaintiff's migraine headaches and, that although she demonstrated reduced ability to lift weight, plaintiff's objective evidence reflected no apparent back injury (Tr. 219). Dr. Schacher opined that plaintiff could work if she received effective treatment for her migraine headaches and physical therapy for her back (Tr. 219). Dr. Schacher opined that plaintiff was capable of lifting ten pounds frequently and twenty pounds occasionally in a job that required no more than three

5

and a half hours of walking and four hours of sitting (Tr. 223-224). Plaintiff's unconfirmed back pain would cause some limitations on her postural movements, according to Dr. Schacher (Tr. 224).

Most of the conclusions reached by Dr. Schacher were based upon plaintiff's subjective complaints rather than independent medical testing. Dr. Schacher noted that he had no objective medical testing to confirm plaintiff's allegations of severe back pain (Tr. 219). At her examination, Dr. Schacher noted plaintiff's neurological testing was normal and admitted he could not properly evaluate plaintiff's subjective allegations of migraine headaches. (Tr. 216).

Plaintiff argues that it is her inability to afford treatment that has prevented her from receiving adequate and proper treatment for her alleged severe and continuous headaches (Pl.'s Br. 7-8). However, plaintiff's medical records show that she regularly sought free medical treatment from clinics and emergency rooms that treated indigent patients. What is absent from those records is any indication that plaintiff sought follow-up treatment for her headaches because they were severe and continuous. As noted by the ALJ, plaintiff is not on any prescription medication for her migraines, nor has she ever been seen by a neurologist. Nor has plaintiff sough free medical case from a county or neighborhood clinic for treatment of her migraines. (Tr. 17).

As a non-treating physician, Dr. Schacher's opinion was not entitled to controlling weight. See 20 C.F.R. §§ 404.1527(b)-(d), 416.927(b)-(d). In fact the regulations specifically state that "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Such opinions are not entitled to any special weight. Id. The ALJ must make a disability determination based upon the

6

medical findings and other evidence. Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990). While such opinions must not be disregarded, they can never be entitled to controlling weight or given special significance. They must be evaluated in light of the applicable factors in 20 C.F.R. § 404.1527(d), 416.927(d), including the degree to which the opinion provides supporting explanations and are consistent with the record when viewed as a whole.

Consequently, the testimony of the vocational expert that plaintiff could perform no work if she was as incapacitated by migraines as plaintiff stated (Tr. 259) does not mandate that plaintiff be found disabled, as the ALJ discussed several reasons why plaintiff's migraines were not as debilitating as she described.

Ultimately, it was the ALJ who was responsible for weighing the conflicting opinions and determining whether plaintiff was disabled and had the residual functional capacity to perform the duties of her past relevant work because these determinations are the exclusive province of the Commissioner. See 20 C.F.R. §§ 404.1527(e), 404.1545, 404.1546, 416.927(e), 416.945, 416.946.

The undersigned may not reweigh the evidence. The decision of the ALJ was based upon substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 24th day of July, 2008.

                                                      //S Richard L. Hodge
                                                      RICHARD L. HODGE
msd                                           UNITED STATES MAGISTRATE JUDGE